Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1846 | **DATE** | 8/12/2010 |
| **CASE TITLE** | Oldakowski vs. USA | | |

**DOCKET ENTRY TEXT**

Defendant's motion for summary judgment [12] is granted. (See statement below.) Judgment entered in favor of defendant and against plaintiff. This case is terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

     On March 6, 2007, at about 2:00 p.m., Andrew Oldakowski purchased stamps at the post office at 675 Lakeview Parkway in Vernon Hills, Illinois. As Oldakowski walked from the post office to the parking lot, he tripped on an uneven elevation in the sidewalk and fell, injuring his nose. Oldakowski was taken by ambulance to Condell Hospital in Libertyville, Illinois, where he was treated. Later on the same day as the accident, Christopher Durec, the post office branch manager, and Karen Peter, a postal supervisor, investigated the sidewalk. They saw that the sidewalk was uneven and measured the difference in height between the two slabs of concrete where Oldakowski had fallen. The difference in elevation between the surfaces of the two slabs was about half of an inch. The next day, Oldakowski returned to the site to conduct his own investigation. Oldakowski contends that, according to his measurement, the difference in height between the surfaces of the two sidewalk slabs was one and a half inches. He admits, however, that he arrived at this figure by measuring from the bottom of the crack between the two sidewalk slabs, rather than from the surface of the lower slab, as Durec and Peter did. On March 25, 2010, Oldakowski filed a suit alleging negligence in connection with the uneven sidewalk and seeking $100,000 in damages. The government now moves for summary judgment.

     At the outset, the court notes that there is no genuine issue of material fact as to the difference in elevation between the slabs. When measured from the top surfaces of the slabs, the defect is one-half inch. Oldakowski has either failed to deny, or improperly denied without citation to any supporting evidence, the government's relevant statements of fact on this point. *See* Pl.'s Resp. ¶¶ 18-26. Accordingly, they are deemed admitted. *See Leibforth* v. *Belvidere Nat'l Bank*, 337 F.3d 931, 934 n.1 (7th Cir. 2003) (Denials must include "'parts of the record, and other supporting materials relied upon. . . .Generalized denials do not suffice under this rule."); *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material."); *Valenti* v. *Qualex Inc.*, 970 F.2d 363, 369 (7th Cir. 1992) ("Any facts asserted by the movant and not contradicted in the manner specified by the rule are deemed admitted.").

# STATEMENT

Actions brought under the Federal Tort Claims Act, 28 U.S.C. § 1345 *et seq*., are governed by the law of the state where the alleged tort took place. *Id*. at § 1346(b). Under Illinois law, *de minimis* or slight defects in a sidewalk are not actionable. *Arvidson* v. *Elmhurst*, 145 N.E.2d 105, 106, 11 Ill. 2d 601 (1957) ("[T]he law does not exact of a municipality the duty of keeping all sidewalks in perfect condition at all times, and . . . slight inequalities in level, or other minor defects frequently found in traversed areas, are not actionable."); *see also Cooks* v. *United States*, 815 F.2d 34, 36 (7th Cir. 1987) ("While a city has a duty to maintain its sidewalks in a reasonably safe condition, it does not have to keep them in perfect condition and slight inequalities in level or other minor defects are not actionable." (citation omitted) (internal quotation marks omitted)). The *de minimis* rule applies in suits against the United States. *See id*. at 37.

A defect of one-half inch is within the scope of the *de minimis* rule. In Illinois, generally, "[t]he stumbling point for most of these cases seems to occur as the defect approaches two inches. . . .we agree with the trial court that the [1 7/8 inches] defect is too minor to be actionable, as a matter of law." *Birck* v. *City of Quincy*, 608 N.E.2d 920, 923-25, 241 Ill. App. 3d 119 (Ill. App. Ct. 1993); *Putman* v. *Vill. of Bensenville*, 786 N.E.2d 203, 207, 337 Ill. App. 3d 197 (Ill. App. Ct. 2003) ("[T]he point at which liability attaches in such cases is when the defect approaches two inches. . . . A defect of one inch . . . .lies within the ambit of the *de minimis* rule and is not actionable."); *Hartung* v. *Maple Inv. & Dev. Corp.*, 612 N.E.2d 885, 888, 243 Ill. App. 2d 811 (1993) ("[T]he defect here cannot be the basis of a negligence action as a matter of law since the defect was, by plaintiff's own estimate, only one-half to three-fourths of an inch high."); *see also Cooks*, 815 F.2d at 37 ("Since under the present state of Illinois law an Illinois municipal corporation is not liable for injuries resulting from minor defects in a sidewalk, we refuse to impose a stricter standard upon the United States, holding it liable for a ½ inch elevation in a sidewalk." (citations omitted)); *Gresser* v. *Union Pac. R.R. Co.*, 130 F. Supp. 2d 1009, 1015-16 (C.D. Ill. 2001) ("Gresser's claim [of a 5/8 inch differential] is barred by the *de minimis* defect rule."). Oldakowski relies on *Harris* v. *Old Kent Bank*, 735 N.E.2d 758, 315 Ill. App. 3d 894 (Ill. App. Ct. 2001), in which the Illinois appellate court ruled that a 3/4-inch to one-inch defect in the sidewalk was sufficient to create an issue of fact as to whether the defect was *de minimis*. *Harris* is distinguishable from this case, however, because there the defect was larger, the measurement of less probative value (it was taken three and a half years after the incident at issue), and Oldakowski does not argue that the sidewalk comprised the sole ingress and egress to the defendant's place of business. Absent evidence of any such exigent circumstances, the defect at issue in this case is, as a matter of law, *de minimis*.